UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMAR GUNTAMADUGU, et al.,
Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,
Defendants.

Case No. 26-cv-00426-AMO

**ORDER RE DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 7

Before the Court is Defendant Joseph B. Edlow's and Defendant United States Citizenship and Immigration Service's ("USCIS") motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the Court vacated the hearing set for July 2, 2026. *See* Dkt. No. 22. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court **GRANTS** in part and **DENIES** in part the motion to dismiss for the following reasons.

## I. BRIEF BACKGROUND

Plaintiffs seek to immigrate to the United States through the EB-5 immigrant investor program. Compl. ¶¶ 21-25. They have invested $800,000 in a new commercial enterprise, and they have completed a Form I-526E Immigrant Petition. *Id.* USCIS has not completed adjudication of their Form I-485, Application to Register Permanent Residence or Adjust Status under the Immigration and Nationality Act ("INA"), leading to several hardships. *Id.* ¶¶ 26-38.

Plaintiffs seek relief pursuant to the Administrative Procedure Act ("APA"), Mandamus Act, and Due Process Clause of the Fifth Amendment to require United States Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiffs' Form I-485. *See* Dkt. No. 1 ("Compl.").

United States District Court
Northern District of California

Plaintiffs allege three causes of action under the Mandamus Act, APA, and Due Process Clause of the Fifth Amendment, and asks the Court to compel Defendants to adjudicate Plaintiffs' I-485 Applications. Compl. ¶ 53-68. They aver that USCIS has unreasonably delayed adjudication of their applications in violation of the APA under Title 5 U.S.C. §§ 706 et seq. *Id.* ¶¶ 53-57. They further assert that Defendants have violated Plaintiffs' right to due process by failing to provide a reasonable and just framework for adjudication. *Id.* ¶¶ 64-68. Plaintiffs invoke the Court's jurisdiction under the Mandamus Act and APA, Title 5 U.S.C. § 702. *Id.* at ¶¶ 5-7.

## II. DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint based on a lack of subject matter jurisdiction, arguing that Title 8 U.S.C. § 1252(a)(2)(B)(ii) categorically bars jurisdiction over claims of agency inaction. Defendants alternatively move to dismiss Plaintiffs' Due Process cause of action for failure to state a claim. The Court takes up these arguments in turn.

### A. Subject Matter Jurisdiction

Defendants argue that the Court lacks jurisdiction to hear Plaintiffs' claims under Title 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title, or . . . any other decision or action . . . in the discretion of the Attorney General or the Secretary of Homeland Security." Dkt. No. 7 at 5-8. Defendants argue that "decision-making under Section 1255(a) is discretionary: Section 1255(a) states that '[t]he status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." Dkt. No. 7 at 5 (quoting 8 U.S.C. § 1255) (emphasis omitted). In Defendants' view, such language "sets out the discretionary authority necessary to trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Id.* (citing *Bouarfa v. Mayorkas*, 604 U.S. 6, 14-15 (2024) (noting "the word 'may' clearly connotes discretion")). Judges in the Northern District of California have reached the opposite conclusion. *See, e.g.*, *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490 (N.D. Cal. Feb. 20, 2026) (Van Keulen, M.J.); *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665 (N.D. Cal. Apr. 8, 2026) (Van Keulen, M.J.); *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204 (N.D. Cal. Apr. 15, 2026) (Van

Keulen, M.J.); *Agrawal v. Edlow*, No. 26-cv-01400-EKL, ---- F. Supp. 3d ----, 2026 WL 2363473 (N.D. Cal. Aug. 14, 2026) (Lee, J.). The Court agrees with the well-reasoned analysis of Judges Lee and Van Keulen. Section 1252(a)(2)(B)(ii) does not serve as a jurisdictional bar to hear plaintiffs' pace-of-adjudication case. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

**B. Failure to State a Claim**

Defendants argue in the alternative that, even if the Court has jurisdiction over Plaintiffs' claims, the Court should dismiss the Complaint under Rule 12(b)(6). Defendants particularly challenge the sufficiency of Plaintiffs' Due Process claim, arguing that Plaintiffs have no protected interest in "how their applications are processed, including timing, vetting, and allocation of resources, because that process itself is discretionary." Dkt. No. 15 at 9.

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994).

Here, Plaintiffs argue that they have a Due Process interest in the "fundamental fairness" of their "administrative adjudication." Compl. ¶ 65. But a desire for "fundamental fairness" in an administrative proceeding does not constitute a "cognizable liberty or property interest that could support a procedural due process claim." *Wang*, 2026 WL 1021204, at *7 (citation omitted). Absent a cognizable property interest, Plaintiffs' Due Process claim fails as a matter of law, and that cause of action must be dismissed with prejudice. *See Agrawal*, 2026 WL 2363473, at *8 (dismissing Due Process claim with prejudice due to a lack of property interest in action arising from immigration application delay). Therefore, Defendants' motion to dismiss for failure to state a claim for Due Process violation is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for lack of subject matter jurisdiction and **GRANTS** Defendants' motion to dismiss for failure to state a

claim for Due Process violation. The Court **ORDERS** the parties to file a joint case management statement by no later than September 30, 2026, with a proposal for completing alternative dispute resolution and a proposed remaining case schedule.

**IT IS SO ORDERED.**

Dated: September 14, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**