UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

AMAR GUNTAMADUGU, et al.,
Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,
Defendants.

Case No. 26-cv-00426-AMO

**ORDER GRANTING COUNTER MOTION FOR LIMITED DISCOVERY AND TERMINATING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 32, 34

Plaintiffs sued Defendants for not timely processing their immigration applications. *See* Dkt. No. 1. Defendants moved for summary judgment on the basis that they had not unreasonably delayed processing Plaintiffs' applications. *See* Dkt. No. 32. In response to Defendants' motion, Plaintiffs filed a counter-motion seeking discovery under Federal Rule of Civil Procedure 56(d). Specifically, Plaintiffs seek permission to serve interrogatories and documents sufficient to show (a) the current processing status of Plaintiffs' Form I-485 applications; (b) whether USCIS has adopted any written or unwritten policy addressing Form I-485 application processing, particularly related to a rural set-aside; (c) whether USCIS has an internal audit or compliance mechanism to verify processing of rural set-aside Form I-485 applications; and (d) the agency activities of higher or competing priorities that would be affected if Plaintiffs' applications were adjudicated ahead of their current position. *See* Dkt. No. 34 at 9-10. Plaintiffs seek no depositions. *Id.*

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may[] . . . allow time to obtain affidavits or declarations or to take discovery[.]" Fed. R. Civ. P. 56(d). The movant must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) [these] facts are essential to oppose summary

judgment." *Murphy v. Wedan*, 2026 WL 962454, at *2 (9th Cir. Apr. 9, 2026) (quoting *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018)). Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

The Court, having carefully considered the briefs, concludes that further, limited discovery is appropriate for Plaintiffs to respond to Defendants' motion for summary judgment. Unreasonable delay claims like these are factually intensive, and the Plaintiffs have demonstrated a need for the discovery they seek through their motion. *See Doe v. Risch*, 398 F. Supp. 3d 647, 655-56 (N.D. Cal. 2019) ("What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."). And where, as here, the pertinent information is in Defendants' exclusive control, Plaintiffs "need not accept Defendant[s'] contentions" on their face. *See Palanisamy v. Edlow*, Case No. 26-cv-01017-CRB, Dkt. No. 29 (N.D. Cal. Oct. 13, 2026).

For the most part, the Court finds that the discovery requested is generally "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, the Court is not convinced that Plaintiffs' request related to an "internal audit, quality-assurance review, or compliance mechanism to verify that rural set-aside Form I-485 applications are adjudicated consistent with any such guidance" is necessary to make their case on summary judgment. *See* Dkt. No. 34-4 at 2. Therefore, the Court **ORDERS** as follows:

1. Within 14 days from the date of this order, Plaintiffs may file narrowly tailored discovery requests directed to:
    a. the current processing status of Plaintiffs' Form I-485 applications, inventory movement, and comparator processing data for applications received on or after Plaintiffs' own filing date;
    b. the existence of any guidance governing the processing of Form I-485 applications in the rural set-aside category; and

c. the agency activities of a higher or competing priority that Defendants contend adjudication would affect, together with the frequency of out-of-order adjudication within the reserved category.

2. Within 45 days after receipt of the discovery requests, Defendants SHALL produce responses.

3. The Court TERMINATES Defendants' motion for summary judgment (Dkt. No. 32) without prejudice and VACATES the hearing. At the close of discovery, Defendants may re-file their motion for summary judgment.

**IT IS SO ORDERED.**

Dated: November 20, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**